IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEBORAH A. SMITH                                                                                        PLAINTIFF

vs.                               Civil No. 1:06-cv-01024

MICHAEL J. ASTRUE[1]                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Deborah A. Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Dkt. No. 3).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

The applications for DIB and SSI now before this Court were protectively filed on March 11, 2003. (Tr. 17, 55-60). These applications allege an onset date of July 2, 2002 due to an on-the-

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Dkt. No." The transcript pages for this case are referenced by the designation "Tr."

job injury. (Tr. 57-60, 142). The Plaintiff complains of lumbar pain, seizures, depression, and arthritis. (Dkt. No. 7) (Tr. 17, 55-60). The Plaintiff's applications were initially denied on December 11, 2003 and again on reconsideration on March 18, 2004. (Tr. 31-34). The Plaintiff requested an administrative hearing which was held on April 6, 2005 in El Dorado, Arkansas. (Tr. 17, 168). The Plaintiff was present and was represented by an attorney, Denver Thorton, at the hearing. (Tr. 17, 168). At the time of the hearing, the Plaintiff was forty-seven (47) years old with a high school education. (Tr. 17, 171).

On June 23, 2005, the Administrative Law Judge ("ALJ") issued a written opinion. (Tr. 17-22). The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 17). The ALJ found the Plaintiff had been treated for back pain and seizures. (Tr. 21, Finding 3). The ALJ determined these impairments or combination of impairments, although severe, did not meet the requirements of Appendix 1, Subpart P, Regulations No. 4 ("Listings"). *Id.*

The ALJ also evaluated the subjective complaints of the Plaintiff and determined the Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 21, Finding 5). The Plaintiff alleged her back pain, arthritis, seizures, and depression caused her to be unable to work. (Tr. 18). The ALJ analyzed these subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 18-19). The ALJ concluded these subjective complaints were not credible due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment. (Tr. 19-20).

Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to "lift/carry up to 10 pounds occasionally; sit 6 hours in an 8 hour day; and stand/walk 2 hours in an 8 hour day." (Tr. 21,

Finding 5). The ALJ also determined the Plaintiff "experiences mild to moderate pain and can occasionally climb, balance, stoop, bend, crouch, kneel, and crawl." *Id.* The ALJ determined that, due to her seizures, the Plaintiff was restricted from unprotected heights, moving machinery, operating motor vehicles, and using firearms. *Id.* The ALJ determined the Plaintiff was further restricted from being exposed to "excessive chemicals, noise, dust, fumes, temperature extremes, vibrations, gasses, and other pulmonary irritants." *Id.* The ALJ determined the Plaintiff experienced "mild to moderate pain" and assessed her depression as "non-severe." *Id.*

The ALJ also determined the Plaintiff could not perform her Past Relevant Work ("PRW"). (Tr. 21, Finding 9). Vocational Expert ("VE") William Elmore testified at the administrative hearing and addressed this issue. (Tr. 20, 194). The VE testified the Plaintiff's PRW included work as housekeeper (light, unskilled work), poultry worker (light, unskilled work), and seamstress (light, unskilled work). (Tr. 20, 193). The VE testified that a hypothetical person with the Plaintiff's RFC, age, educational background, and work experience could not perform the Plaintiff's PRW. (Tr. 194). The VE also testified that the same hypothetical person could perform work as a payroll clerk, which is sedentary, semiskilled work. (Tr. 20, 194). The VE testified that there were less than 1,200 jobs statewide and 143,000 jobs nationwide as a payroll clerk. *Id.*

On January 20, 2006, the Appeals Council declined to review this decision. (Tr. 5-7). Subsequently, on March 7, 2006, the Plaintiff filed this action. (Dkt. No. 1). This case was referred to the undersigned on April 11, 2007. The Plaintiff and the Defendant have filed appeal briefs. (Dkt. Nos. 7-8). This case is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

3

findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. Discussion:**

The Plaintiff brings the present appeal claiming (1) the ALJ failed to meet his burden at Step 5 and (2) the ALJ improperly applied *Polaski*. (Dkt. No. 7). The Defendant argues the VE's testimony supports the ALJ's findings, and the ALJ properly assessed the Plaintiff's subjective complaints of pain. (Dkt. No. 8). Because this Court finds the ALJ failed to meet his burden at Step 5, this Court will only address the Plaintiff's first argument and will not address the Plaintiff's second argument for reversal.

At Step 5, it is the Commissioner's burden, not the Plaintiff's burden, to prove that there are other jobs in the national economy that the Plaintiff can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). If the Commissioner cannot meet this burden, then the ALJ's determination is not supported by substantial evidence and should be reversed. *See id.*

In the present action, the ALJ determined the Plaintiff was not disabled under Step 5 because there were other jobs in the national economy that the Plaintiff could perform. (Tr. 20). Specifically, the ALJ determined that, even though the Plaintiff could not perform her PRW, she could perform work as a payroll clerk of which there almost 1,200 statewide jobs and 143,000 nationwide jobs. *Id.* The job of a "payroll clerk" is found under code 215.382.014 of the *Dictionary of Occupational Titles (DOT).* (Tr. 194). The job of a payroll clerk is classified as "sedentary, semiskilled," according to both the VE and the DOT. *Id.* During the hearing, the VE did not identify any other job, other than the job of a payroll clerk, that the Plaintiff could perform. (Tr. 194-195).

The Plaintiff cannot perform the job of a payroll clerk, a semiskilled position, because there is no evidence in the record that she has the skills required to perform this job. As noted by the Plaintiff, semiskilled work requires "some" skills. *See* 20 C.F.R. § 404.1568(b) (2007). Semiskilled occupations are "more complex than unskilled work and distinctly simpler than the more highly skilled types of work. They contain more variables and require more judgment than do unskilled occupations." S.S.R. 82-41. The skills needed to perform semiskilled work are not learned by doing unskilled work. *Id.* In the present action, the Plaintiff's PRW was all unskilled work. (Tr. 21, Finding 9; 100, 193-194). There is no indication, and ALJ did not find, that the Plaintiff had any transferable skills from her unskilled work. *See Stathis v. Sullivan,* 964 F.2d 850, 851. (Dkt. No. 7, Page 4).

The VE also did not find that the Plaintiff had any transferable skills. In the Defendant's Appeal Brief, the Defendant argues that the VE "found that Plaintiff had transferable skills and could perform semiskilled work based on her vocational characteristics." (Dkt. No. 8, Page 10).

There is, however, no evidence in the record indicating the VE determined the Plaintiff had transferable skills.[3]

The VE improperly determined the Plaintiff could work as a payroll clerk. The ALJ asked the VE whether an "individual of the same age, same education background and work experience of the claimant" could perform "any other jobs that exist in the local, regional, or national economy." (Tr. 194). The VE responded that the Plaintiff could perform work as a payroll clerk. *Id.* The VE noted that this work was semiskilled. *Id.* The VE's testimony, however, was inconsistent with the S.S.R. 82-41 and with the DOT. Specifically, according to the S.S.R. 82-41 and the DOT, the job as a payroll clerk is semiskilled work that requires some transferable skills. *See* 20 C.F.R. § 404.1568(b) (2007). There is, however, no evidence in the record that the Plaintiff possesses any transferable skills. *See Discussion, supra.* It is the Defendant's burden at Step 5 to establish the Plaintiff has some transferable skills. *See Cox,* 160 F.3d at 1206. Since there is no evidence in the record establishing that the Plaintiff has some transferable skills, the Plaintiff is presumed to have no transferable skills. Clearly, the Plaintiff, who has no transferable skills, cannot perform a job that is semiskilled.

The ALJ improperly relied upon the VE's determination that the Plaintiff could work as a payroll clerk. In the Eighth Circuit, when a VE's testimony conflicts with the DOT, the DOT controls. *See Montgomery v. Chater,* 69 F.3d 273, 276 (8th Cir. 1995). Since the VE's testimony conflicts with the S.S.R. 82-41 and the DOT, this Court finds that the DOT should control. The

---

[3] The Defendant also cites *Fines v. Apfel,* 149 F.3d 893, 895 (8th Cir. 1998), presumably in support of his argument that the VE can *implicitly* find the Plaintiff has transferable skills by answering the hypothetical and concluding the Plaintiff can perform a certain job. In *Fines,* however, the VE *actually testified* during the administrative hearing that the plaintiff had acquired transferable work skills. In the present action, the VE did not testify that the Plaintiff had any transferable work skills, and *Fines* is distinguishable from this case.

ALJ should not have found that the Plaintiff, an unskilled worker, could perform a semiskilled job. Accordingly, the ALJ has not met its burden at Step 5 of establishing that there are other jobs in the national economy that the Plaintiff could perform. The ALJ found the Plaintiff could perform the job of a payroll clerk, which is a semiskilled job, when there was no evidence in the record that the Plaintiff has any transferable skills or could perform semiskilled work. The ALJ's disability determination is not supported by substantial evidence and should be reversed and remanded.

On remand, the ALJ is reminded of his duty to fully and fairly develop the record. *See Snead,* 360 F.3d at 838. The ALJ should order any additional medical records as it determines are needed for a disability determination based upon its findings on remand. The ALJ should also determine whether the Plaintiff needs to be sent to a specialist for a further evaluation based upon its findings on remand.

**4. Conclusion**

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This is especially true since the Plaintiff is unable to perform, based upon her RFC, age, work experience, and education, the one job identified by the ALJ. This matter should be remanded to the Commissioner for further consideration consistent with this opinion.

**ENTERED** this **23rd day of April, 2007.**

/s/ Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge